**UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
CASE NO.: 21-cv-61763**

IRA GREEN,

    Plaintiff,

v.

UPS, CO., a/k/a UNITED PARCEL
SERVICE CO.

    Defendant.                                        /

## COMPLAINT

Plaintiff, IRA GREEN, by and through his undersigned attorneys, sues Defendant, UPS, CO. a/k/a UNITED PARCEL SERVICE CO., and alleges as follows:

1.  Plaintiff, IRA GREEN ("GREEN"), brings this action for retaliation pursuant to the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et. seq. ("FMLA") and for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the Florida Civil Rights Act ("FCRA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue properly lies in Broward County pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## PARTIES

3.  Plaintiff, IRA GREEN, is a Black male, *sui juris*, and, at all times materials hereto, was a resident of Broward County, Florida.

4.  GREEN was employed by UPS, CO. a/k/a UNITED PARCEL SERVICE CO. ("UPS" or "Company") nearly fourteen (14) years from approximately July 2006 through May 2020.

5. UPS is a foreign corporation that conducts business in Broward County, Florida, within the jurisdiction of the Court.

6. At all times material hereto, UPS was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce and it employed 50 or more employees for each working day during each of twenty (20) or more calendar workweeks during the relevant periods of time.

7. Plaintiff worked at a location where UPS employed fifty (50) or more employees within seventy-five (75) miles.

8. Plaintiff was an employee of UPS entitled to leave under the FMLA, because he was employed by UPS for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month period prior to him seeking to exercise his rights to FMLA leave.

## CONDITIONS PRECEDENT

9. On December 14, 2020, GREEN timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR"), a copy of which is attached hereto as **Exhibit "A,"** alleging that UPS subjected him to race discrimination and retaliation for complaining about race discrimination.

10. On July 28, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as **Exhibit "B."**

11. Plaintiff has exhausted all his administrative remedies pursuant to Title VII and the FCRA, and has performed all required conditions precedent prior to filing this Complaint.

## FACTUAL ALLEGATIONS

12. Plaintiff was hired by UPS in July 2006 as an Air Driver and remained in that position throughout his employment.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

13. In approximately July of 2019, GREEN took leave under the FMLA due to herniated discs in his back preventing him from performing his job duties as an Air Driver.

14. In approximately February of 2020, GREEN returned to work and notified his supervisors that he may not be able to perform all his job duties due to his medical condition. UPS, however, ignored this information and returned GREEN to his regular job schedule and hours and regular job duties without any modifications thereto.

15. In approximately March of 2020, GREEN filed a complaint against his supervisors, Armando Vega, Jose Santana, and Luis Leal, addressing ongoing harassment and discrimination in the workplace. Specifically, GREEN complained that these individuals made offensive and derogatory remarks in the workplace about black employees and that they refused to take action against white employees who frequently used offensive language, which included the frequent use of the term "Ni--er." GREEN's complaint also addressed Mr. Vega's comment that "Black people are carriers of COVID-19," which he made in front of other employees.

16. Additionally, Mr. Vega posted a video of himself online where he is making racist comments about black employees and supervisors of UPS.

17. After filing his complaint, GREEN began being treated differently at work by his supervisors. For example, Mr. Vega began acting rudely towards, and noticeably irritated with, GREEN. Further, approximately one week after GREEN filed the complaint, Mr. Santana told him that "he is going to make his life a living nightmare" and that his "Black ass will be fired soon enough."

18. Sure enough, shortly thereafter, in May 2020, UPS terminated GREEN's employment, citing "threats of workplace violence" as the reason for his termination.

19. The reason cited by the Company for terminating Green's employment, however, is entirely pretextual, as GREEN did not make any such threats of workplace violence and non-black

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

employees who actually did make threats of workplace violence have not been terminated by the Company.

20. Specifically, on March 27, 2020, GREEN arrived at work and walked through the checkpoint entry gate when he encountered Juan Medina, who was not wearing a mask at the time.

21. GREEN mentioned Mr. Medina's lack of mask given that masks were required to be worn by employees pursuant UPS's then-current COVID-19 policy and protocol. In response, Mr. Medina coughed and sneezed in GREEN's direction, seemingly making light of GREEN's concerns about COVID-19.

22. Thereafter, GREEN and Mr. Medina both filed complaints with the Company addressing this incident. Mr. Medina's complaint entirely misrepresented the incident, as he falsely alleged that GREEN threatened to "beat his ass" which was contrary to multiple eyewitness accounts.

23. Upon information and belief, it was Mr. Santana who actually wrote Mr. Medina's statement as well as statements for other employees that falsely accused GREEN of making threats of violence in the workplace. These employees, however, refused to sign such statements when asked by Mr. Santana.

24. Nevertheless, UPS elected to terminate GREEN for alleged "threats of workplace violence."

25. Additionally, GREEN was subjected to disparate treatment based on his race. Indeed, GREEN was terminated for purportedly making threats of violence; however, white employees who engaged in the same or sufficiently similar conduct were not terminated by the Company.

26. For instance, Jorge Lamelas (White) got into an argument with Mr. Vega and made violent threats during that exchange, but the Company elected not to terminate Mr. Lamelas' employment.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

27. Carlos Montana (White) and Jorge Arango (White) got into an actual fist fight during their employment with UPS, yet neither of these individuals were terminated by the Company.

28. Eddie Gonzalez (White) was involved in an incident with a customer of UPS and threatened that customer, but the Company elected not to terminate Mr. Gonzalez's employment.

29. UPS' reason for GREEN's termination is pretextual and not supported by the facts.

## COUNT I – FMLA RETALIATION

30. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

31. During the relevant time period, the Plaintiff suffered from a "serious medical condition" within the meaning of the FMLA.

32. UPS retaliated against the Plaintiff for exercising his right to take protected medical leave under the FMLA by terminating his employment for taking such leave.

33. At all times relevant hereto, UPS acted with the intent to retaliate against the Plaintiff because he exercised his rights under the FMLA.

34. As a result of UPS' intentional, willful, and unlawful acts by retaliating against the Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, IRA GREEN, demands judgment against Defendant, UPS, CO. a/k/a UNITED PARCEL SERVICE CO. for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

## COUNT II – RACE DISCRIMINATION UNDER TITLE VII

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

37. Plaintiff belongs to a protected class under the Title VII in that he is Black.

38. UPS and its managers and agents violated Title VII when it terminated the Plaintiff based on his race.

39. UPS and its managers and agents subjected the Plaintiff to less favorable treatment than similarly situated non-Black employees.

40. Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

41. Defendant is vicariously liable for all material adverse actions suffered by the Plaintiff and all race discrimination engaged in by Defendant's managers and supervisors.

42. Defendant acted intentionally and with malice and reckless disregard for the Plaintiff's rights under Title VII.

43. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his reputation; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, IRA GREEN, prays that this Honorable Court will enter an Order:

a. Enjoining and restraining Defendant from engaging in acts of discrimination;

b. Awarding Plaintiff any and all damages available to him, including, but not limited to, back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

c.  Declaring Defendant's conduct to be in violation of Title VII and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and provide equal employment opportunities for individuals, and that eradicate the effects of its past and present unlawful practices;

d.  Awarding Plaintiff compensatory damages against Defendant;

e.  Awarding Plaintiff punitive damages against Defendant;

f.  Ordering such additional equitable relief as is proper and just, including, but not limited to, the discipline and discharge, of any employees of Defendant found to have violated Title VII by discriminating against Plaintiff.

## COUNT III – RETALIATION UNDER TITLE VII

44. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

45. UPS and its managers and agents violated Title VII by terminating the Plaintiff's employment shortly after he made a complaint to the Company about race discrimination.

46. Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

47. Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all race discrimination engaged in by Defendant's managers and supervisors.

48. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the Title VII.

49. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his reputation; emotional

distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, IRA GREEN, prays that this Honorable Court will enter an Order:

a. Enjoining and restraining Defendant from engaging in acts of discrimination;

b. Awarding Plaintiff any and all damages available to him, including, but not limited to, back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

c. Declaring Defendant's conduct to be in violation of Title VII and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and provide equal employment opportunities for individuals, and that eradicate the effects of its past and present unlawful practices;

d. Awarding Plaintiff compensatory damages against Defendant;

e. Awarding Plaintiff punitive damages against Defendant;

f. Ordering such additional equitable relief as is proper and just, including, but not limited to, the discipline and discharge, of any employees of Defendant found to have violated Title VII by discriminating against Plaintiff.

## COUNT IV – RACE DISCRIMINATION UNDER THE FCRA

50. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

51. Plaintiff belongs to a protected class under the FCRA in that he is Black.

52. UPS and its managers and agents violated the FCRA when it terminated the Plaintiff based on his race.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

53. UPS and its managers and agents subjected the Plaintiff to less favorable treatment than similarly situated non-Black employees.

54. Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

55. Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all race discrimination engaged in by Defendant's managers and supervisors.

56. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

57. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his reputation; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, IRA GREEN, prays that this Honorable Court will enter an Order:

a. Enjoining and restraining Defendant from engaging in acts of discrimination;

b. Awarding Plaintiff any and all damages available to him, including, but not limited to, back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

c. Declaring Defendant's conduct to be in violation of the FCRA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and provide equal employment opportunities for individuals, and that eradicate the effects of its past and present unlawful practices;

d. Awarding Plaintiff compensatory damages against Defendant;

e. Awarding Plaintiff punitive damages against Defendant;

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

  f.  Ordering such additional equitable relief as is proper and just, including, but not limited to, the discipline and discharge, of any employees of Defendant found to have violated FCRA by discriminating against Plaintiff.

## **COUNT V – RETALIATION UNDER THE FCRA**

  58.  Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 26 as if fully set forth herein.

  59.  UPS and its managers and agents violated the FCRA by terminating his employment soon after he made a complaint of race discrimination.

  60.  Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

  61.  Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all race discrimination engaged in by Defendant's managers and supervisors.

  62.  Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

  63.  As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his reputation; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

  WHEREFORE, Plaintiff, IRA GREEN, prays that this Honorable Court will enter an Order:

  a.  Enjoining and restraining Defendant from engaging in acts of discrimination;

  b.  Awarding Plaintiff any and all damages available to him, including, but not limited to, back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035• Web: gallup-law.com

      c.      Declaring Defendant's conduct to be in violation of the FCRA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and provide equal employment opportunities for individuals, and that eradicate the effects of its past and present unlawful practices;

      d.      Awarding Plaintiff compensatory damages against Defendant;

      e.      Awarding Plaintiff punitive damages against Defendant;

      f.      Ordering such additional equitable relief as is proper and just, including, but not limited to, the discipline and discharge, of any employees of Defendant found to have violated the FCRA by discriminating against Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff, IRA GREEN, demands trial by jury for all issues so triable by right of jury under state or federal law.

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Tel:   (954) 894-3035 Fax: (754) 200-2836
E-mail:dgallup@gallup-law.com

By:   */s/ Dana M. Gallup*
       DANA M. GALLUP
       Florida Bar No.: 0949329